NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-541

WALTHAM OVERLOOK APARTMENTS, LLC

V.

AKINYEMI AROKODARE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Akinyemi Arokodare, appeals from a Housing Court summary process judgment entered in favor of the plaintiff, Waltham Overlook Apartments, LLC.  The defendant also appeals from the denial of his motion to alter or amend the judgment.  We affirm.

Beginning in September of 2020, the defendant rented an apartment owned by the plaintiff.  The lease pertaining to that rental required all occupants of the apartment to be named, and adults eighteen years old and over to sign the lease.  Only the defendant signed the lease, and his two children were listed as occupants.  On June 22, 2023, the plaintiff notified the defendant that his lease would not be renewed upon its

expiration on September 10, 2023, due to chronic late payment of rent. The defendant failed to vacate the premises and thus the landlord served a notice to quit for cause, and subsequently filed a summary process action in the District Court. The defendant transferred the case to the Housing Court, and the matter proceeded to trial on January 18, 2024. At trial, the defendant did not dispute his "chronic nonpayment" of rent. Instead, he argued that his "domestic partner," Rachel Musenge, also occupied the premises as a tenant; that she was not named in the notice to quit, summons, or complaint; and that the failure to include her on the notice, summons, and complaint constituted a "fatal error" in the eviction process. Following trial, the judge issued thorough written findings and ordered that judgment enter for the plaintiff.[1]

Based on the judge's clear findings, the defendant's claim on appeal is unavailing. The judge found that Musenge did not sign the application for a tenancy at the apartment, was not listed as an "occupant-to-be" for the tenancy, was not listed as an occupant of the rental premises in the lease, did not sign the lease, and had never paid rent to the plaintiff. The judge further determined that Musenge did not have a tenancy with the plaintiff and "was an unauthorized occupant at most," there

_____

[1] In her findings, the judge also denied the defendant's motion to dismiss brought at the close of the trial.

2

without the permission of the plaintiff.  Finally, the judge "[did] not find evidence that the plaintiff knew that [Musenge] was living there as a tenant," and thus she was not someone whom the plaintiff "was required to terminate before it served the summons and complaint beginning this eviction case."  The record provided on appeal, including the transcript of the summary process trial, provides more than ample support for the judge's findings, none of which are clearly erroneous.  Where the record supports the judge's finding that Musenge was not a tenant, the defendant's claim fails.[2]

In addition, the defendant cites no binding precedent or persuasive authority for his argument on appeal that a party is required to name unauthorized or unknown occupants of a premises in order to properly effectuate an eviction under Massachusetts law.  Finally, we note that Musenge did not file a motion to

---

[2] The defendant's motion to alter and amend the summary process judgment raised, in essence, the same arguments as those presented in his appeal of the summary process judgment.  The judge did not abuse her discretion in denying that motion for the reasons already discussed herein.

3

intervene in the present action.  See generally <u>Beacon</u>

<u>Residential Mgmt., L.P.</u> v. <u>R.P.</u>, 477 Mass. 749, 757-758 (2017).[3]

<u>Judgment affirmed</u>.

<u>Denial of motion to alter or</u>
<u>amend judgment affirmed</u>.

By the Court (Massing,
Neyman & Wood, JJ.[4]),

Clerk

Entered:  May 29, 2025.

---

[3] The defendant's request for fees pursuant to the lease is denied.  The plaintiff's request for appellate attorney's fees is also denied.

[4] The panelists are listed in order of seniority.